**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riding Films, Inc., | No. CV13-00299-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| John and Jane Does I-CCL, and Black and White Companies I-CCL, | |
| Defendants. | |

Plaintiff Riding Films, Inc., owns the copyright to a video entitled "Dawn Rider." Doc. 1 at 2. Plaintiff alleges that the video has been illegally copied and disseminated online through a peer-to-peer file sharing network. Plaintiff has obtained the internet protocol ("IP") addresses of each computer that participated in the group – referred to as a swarm – that uploaded the content to the internet and allowed others to download it. Because Plaintiff only has access to the IP addresses of alleged infringers, it has brought this motion for leave to take discovery prior to the Rule 26(f) conference to obtain the identities of the owners of the IP addresses. Plaintiff requests that the Court issue a subpoena to the internet service providers (ISP) requiring them to provide the identities of the individuals associated with the IP addresses. Doc. 6.

Plaintiffs request is a familiar one in federal court. It raises both the question of whether Doe defendants, identified with nothing more than their IP addresses, are properly joined and whether courts should permit discovery under such circumstances. Courts have dealt with the issue in several ways: denying the discovery requests, severing

all but the first Doe defendant, delaying the severance decision until after the Does have been identified, or approving both joinder and pre-service discovery. *See e.g. Pac. Century Int'l, Ltd. v. Does 1-101*, No. C-11-02533, 2011 WL 5117424, at *2 (N.D.Cal. Oct. 27, 2011) (denying request to issue subpoenas); *SBO Pictures, Inc. v. Does 1-3036*, No. 11-4220, 2011 WL 6002620, at *3-4 (N.D.Cal. Nov. 30, 2011) (severing all but the first Doe defendant and allowing discovery for him alone); *AF Holdings, LLC v. Does 1-97*, No. C-11-03067, 2011 WL 2912909 (N.D.Cal. July 20, 2011) (denying discovery request and declining to severe); *Camelot Dist. Grp. v. Does 1-1210*, No. 2:11-cv-02432, 2011 WL 4455249 (E.D.Cal. Sept. 23, 2011) (allowing discovery and delaying the question of severance); *Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311, 2011 WL 4715200, at *5-8 (N.D. Cal. Oct. 7, 2011) (approving both joinder and pre-service discovery). Without any consensus in the case law, the Court will engage in its own analysis of the both the joinder issue and the pre-service discovery requests.

**I.   Joinder.**

Under similar facts, courts disagree on when a Court should, *sua sponte*, consider the question of joinder. *Camelot* declined to consider joinder until after further development of the record. 2011 WL 4455249 at *4. On the other hand, in *Boy Racer, Inc. v. Does 1-60,* No. C 11-01738, 2011 WL 3652521, at *2-4 (N.D. Cal. Aug. 19, 2011), the court considered joinder immediately because of the potential for lost filing fee revenue and a fear of incentivizing Plaintiffs to join too many Doe defendants. When defendants are unknown at the time of filing in the Ninth Circuit, courts are instructed to give the Plaintiff "an opportunity through discovery to identify the unknown defendants," unless "discovery would not uncover the identities" or "the complaint would be dismissed on other grounds." *Gillespie v.* Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Because the standard requires consideration of whether the complaint might be dismissed on other grounds, the Court finds that it must consider the appropriateness of joinder before any further development of the record.

Rule 20(a)(2) allows permissive joinder when a right to relief is asserted against

1   all defendants jointly or severally or if the right to relief "aris[es] out of the same
2   transaction, occurrence, or series of related transactions or occurrences." Fed. R. Civ. P.
3   20(a)(2). The rule also requires a common question of law or fact that is relevant to all
4   defendants. *Id*. Where the test for permissive joinder is not satisfied, a court has
5   discretion to sever the improperly joined parties "so long as no substantial right will be
6   prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).
7   Even when the test is satisfied, however, courts still have discretion to sever under
8   Rules 20(b), 21, and 42(b). *On the Cheap, LLC v. Does 1-5011*, No. C10-4472, 2011 WL
9   4018258, at *2 (N.D.Cal. Sept. 6, 2011). In exercising that discretion courts must
10  "examine whether permissive joinder would comport with the principles of fundamental
11  fairness or would result in prejudice to either side." *Id*. (quoting *Coleman v. Quaker Oats
12  Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). "Courts may also consider factors such as the
13  motives of the party seeking joinder and whether joinder would confuse and complicate
14  the issues for the parties involved." *SBO Pictures*, 2011 WL 6002620 at *3.

15  Courts are divided on whether the rights of action against participants in a
16  "swarm" arise out of the same transaction or series of related transactions. Some courts
17  have found that a swarm is not a series of related transactions because swarms may exist
18  over a period of months and can involve large numbers of users downloading and
19  uploading throughout that period. *See SBO Pictures*, 2011 WL 6002620, at *3; *Third
20  Degree Films v. Does 1-3577*, No. C 11-02768, 2011 WL 5374569, at *3 (N.D. Ca. Nov.
21  4, 2011).

22  Other courts have, at least preliminarily, found that merely alleging that all
23  defendants were part of the same swarm and downloaded exactly the same file is
24  sufficient to support a finding that the swarm constituted a related series of transactions
25  or occurrences for the purposes of Rule 20. *See New Sensations, Inc. v. Does 1-1474*,
26  No. C 11-2770, 2011 WL 4407222, at *6 (N.D. Cal. Sept. 22, 2011); *Digital Sin, Inc. v.
27  Does 1-176*, No. 12-CV-00126, 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012).
28  *Digital Sin* noted that a contrary ruling would present a significant obstacle to a plaintiff's

ability to protect its copyright and found that requiring such a party to file hundreds or thousands of infringement action would not be cost effective or promote judicial economy. *Digital Sin*, 2012 WL 263491 *5, n. 6. Notably, the court in *Digital Sin* was not bound by Ninth Circuit case law requiring consideration of whether the case might be dismissed on other grounds at the time of the initial joinder decision, and it remained open to reconsidering the joinder issue later. *Id* at *5; *see Gillespie*, 629 F.2d at 642.

The Court has already determined that it must address permissive joinder at this juncture. It now finds that the rights of action against different participants in the same online swarm do not arise out of the same transaction or series of transactions. This finding is based on the fact that a particular swarm can last for many months. During those months, the initial participants may never overlap with later participants. Additionally, because pieces and copies of the protected work come from various sources within the swarm, individual users might never use the same sources. Without a more definite showing that each defendant is transactionally related to all other defendants, the Court is reluctant to expand the scope of permissive joinder to cover a swarm that potentially accumulates many users over a long period of time.

Furthermore, even if the Court found that these facts met the preliminary requirements for permissive joinder, there are substantial reasons to believe that joinder in this case would "confuse and complicate the issues for the parties involved." *SBO Pictures*, 2011 WL 6002620 at *3. Allowing a case to proceed against such a large number of Defendants would invite many unrelated motions to present the different factual and legal defenses of each Defendant. Receiving, sorting, and responding to such a high volume of motions would require significant judicial resources. Scheduling and conducting hearings and discovery disputes among many parties would be almost impossible. Additionally, during discovery, each Defendant, who might appear pro se and not be an e-filer, would be forced to serve paper copies of all filings on all other parties, and would have the right to be present at all other parties' depositions, all of

which would be a significant burden on each Defendant litigant.[1]  Also, because of the potential prejudice to each unrelated Defendant, the Court likely would not undertake to conduct a trial for all Defendants at the same time.  Thus, the Court would effectively sever these cases for trial, and conduct over a hundred separate trials with different witnesses and evidence, eviscerating any "efficiency" of joinder.  Finally, all of these issues would needlessly delay the ultimate resolution of any particular Defendant's case, which again weighs against efficiency and the opportunity for the Defendant to receive a prompt resolution of his or her case.  Accordingly, the Court finds that joinder is not warranted.

## II.     Severance.

Having concluded that joinder is not proper in this case, the appropriate remedy is severance of all but the first Defendant.  *Call of the Wild Movie, LLC v. Does 1-1062*, 770 F.Supp.2d 332, 342 (D.D.C. 2011); *see also Hard Drive Productions*, 2011 WL 3740473, at *15.  Accordingly, the Court will retain unknown Defendant 1 (IP address No. 24.251.201.34) and sever all other Defendants.  All claims against the additional unknown Defendants will be dismissed without prejudice.

## III.    Discovery Request.

The remaining issue is the pre-service discovery request against the remaining Defendant.  Courts are split on whether to allow discovery of this nature to go forward.  Rule 26(d)(1) allows a court to authorize discovery before the Rule 26(f) conference for the parties' convenience and in the interest of justice.  Courts in the Ninth Circuit apply a

---

[1] *See Hard Drive Productions*, 2011 WL 3740473, at *14 (summarizing similar management problems for 188 Defendants); *see also On the Cheap*, 2011 WL 4018258, at *4 ("The Court does not condone copyright infringement and encourages settlement of genuine disputes.  However, plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then offer to settle with Doe defendants so that they can avoid digging themselves out of the morass plaintiff is creating.")

good cause standard to decide pre-service discovery requests, comparing the need for expedited discovery with potential prejudice to the responding party. *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts may consider whether the plaintiff: (1) can identify the missing party with sufficient specificity that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) suit against the defendant could withstand a motion to dismiss; and (4) has demonstrated that there is a reasonable likelihood of being able to identify the defendant through the requested discovery, thus allowing for service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

*Pacific Century* applied this test to similar facts and denied the plaintiff's discover request. 2011 WL 5117424, at *2. The denial rested primarily on the chance that the owner of the IP address may not be the same person as the actual infringer because individual computers are often used by more than their owners. While that concern is legitimate, the Court finds that the potential for mistaken identification does not outweigh the interests of justice in identifying alleged infringers. Here, Plaintiff's allegations are sufficiently specific to conclude that there is a real person or entity associated with the IP address that can be sued in federal court. It also appears that Plaintiff has exhausted all other means for identifying the true owner or end user of the IP address and that this expedited discovery is likely to reveal that identity. It also appears that the complaint states a valid claim on its face. Accordingly, the Court will allow expedited discovery and issue a summons with respect to the remaining Doe Defendant.

**IT IS ORDERED:**

1. All Defendants with the exception of the first unknown party (IP Address No. 24.251.201.34) are **severed** from this action and the complaints against them are **dismissed without prejudice**.

2. Plaintiff's motion for leave to take discovery prior to the rule 26(f)

conference (Doc. 6) is **granted** with respect to the remaining Defendant. Plaintiff may issue a subpoena for the ISP of Defendant 1 (IP Address No. 24.251.201.34).

Dated this 16th day of May, 2013.

*David G. Campbell*
_____
David G. Campbell
United States District Judge